UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIOGO R. ESTEVES and DANIELA E.
ESTEVES,

    Plaintiffs,

v.                                                Case No.  6:13-cv-1881-Orl-28TBS

SUNTRUST BANKS, INC., SUNTRUST
MORTGAGE, INC., and NATIONSTAR
MORTGAGE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is pro se Plaintiffs Diogo R. Esteves and Daniela E. Esteves' Objection to Removal and Motion to Remand (Doc. 21).  For the reasons that follow, I respectfully recommend that the Court overrule Plaintiffs' objections and deny their motion for remand.

## BACKGROUND

On July 2, 2013, Plaintiffs filed suit in state court against Defendants Nationstar Mortgage, SunTrust Banks, Inc., and SunTrust Mortgage, Inc.  (Doc. 1-2).  On November 15, 2013, Plaintiffs filed their amended sworn claim for declaratory judgment.  (Docs. 2, 15-1).  The amended complaint is a confusing amalgamation of allegations concerning Plaintiffs' dealings with Defendants, statements of law, news stories about alleged fraud by foreclosing mortgagees, and the Court's authority.  (Doc. 2).  Although Plaintiffs have not attached copies of any loan documents to their amended complaint, it appears that they obtained a

mortgage loan from SunTrust Banks or SunTrust Mortgage, the loan is serviced by Nationstar, and SunTrust Mortgage has instituted two mortgage foreclosure actions against Plaintiffs. (Id., ¶¶ 8, 10). Plaintiffs sent multiple notices and demands to Defendants including a Qualified Written Real Estate Settlement Procedures Act request, a Fair Debt Collection Practices Act notice, and a Truth in Lending Act notice, in which they disputed a debt.[1] (Id., ¶ 17). Plaintiffs demanded copies of all documents that would establish the validity of the debt, plus all records, ledgers, and other things pertaining to their account for the purpose of auditing their account. (Id.). Plaintiffs complain that Defendants either did not respond or did not adequately respond to their notices and demands. (Id., ¶ 21). The amended complaint seeks a declaration that: (1) Defendants owed Plaintiffs a duty to respond to their notices and demands; (2) Defendants must produce a verified account and unbroken chain of title to the purported debt; (3) Defendants breached their duty to respond to Plaintiffs' notices and demands; (4) the SunTrust defendants failed and refused to comply with state and federal law; and (5) that Plaintiffs be awarded costs and all other relief the court deems just and proper. (Id.).

On December 9, 2013, Nationstar removed the case to this Court. (Doc. 1). The notice of removal alleges that Nationstar was served on November 26, 2013 and thus, removal was timely pursuant to 28 U.S.C. § 1446(b)(3). (Doc. 1). Nationstar alleges that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs seek a declaratory judgment that

---

[1] Presumably, this is a reference to the mortgage loan from one of the SunTrust defendants.

Nationstar failed to comply with the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.  (Id.).  On December 11, 2013, the SunTrust defendants filed their written consent to removal.  (Doc. 6).

Plaintiffs argue that the case should be remanded to state court because Nationstar's notice of removal was untimely.  (Doc. 21).  As proof, they point to a certified mail return receipt evidencing that Nationstar's mail room received their summons and complaint on July 9, 2013.  (Id.).  Next, they argue that once the state court acquired jurisdiction, it maintains jurisdiction of the case.  (Id.).  Third, they say there is no proof that the SunTrust defendants consented to removal as required by 28 U.S.C. § 1446(b)(2)(A).  (Id.).  Plaintiffs' fourth argument is that declaratory judgment is an equitable remedy that can only be decided by a state court of equity.  (Id.).  Lastly, although Plaintiffs deny asserting a federal claim, they argue that if they did, then the state court is competent to adjudicate the claim. (Id.).

## LEGAL STANDARD

"Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress." Brown v. Tanner Medical Center, No. 3:10-cv-316-TFM, 2010 WL 3328500 at *2 (M.D. Ala. Aug. 23, 2010) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996)).  It is also "by now axiomatic that the inferior federal courts are courts of limited jurisdiction . . . 'empowered to hear only those cases within the judicial power of the United States

as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). A defendant may "remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329 (11th Cir. 1998). When a plaintiff objects to removal by a defendant, the burden of proof is on the defendant, as the removing party, to show that the action was properly removed. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). This burden can be an onerous one, as district courts construe removal statutes narrowly, and are encouraged to resolve all doubts about jurisdiction in favor of remand to state court. University of South Alabama, 168 F.3d. at 411; Burns v. Windsor Ins Co., 31 F. 3d 1092, 1095 (11th Cir. 1994)("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

## ANALYSIS

Title 28 U.S.C. § 1446(b) provides that a defendant has "30 days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," within to file its notice removing a case from state to federal court.

The Supreme Court has held that the 30 days is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bors., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322 (1999) (internal quotation marks omitted) (holding that faxing a copy of the complaint to an opposing party was insufficient to trigger the time to remove the suit to federal court).

Plaintiffs first attempted to serve Nationstar by certified mail. Florida Rule of Civil Procedure 1.070(i) provides for the acceptance of service of process by mail. But, Nationstar did not accept service by mail as requested by Plaintiffs. Consequently, Plaintiffs' delivery of a copy of their complaint to Nationstar by certified mail was not effective to commence the 30 day period during which Nationstar could remove the case to this Court. Nationstar was served on November 26, 2013 and filed its notice of removal on December 9, 2013. Thus, Nationstar timely filed its notice of removal within 30 days after it was formally served with copies of Plaintiffs' summons and complaint.

Plaintiffs contend, without citation to any authority, that once the state court acquired jurisdiction over the Defendants, it maintains jurisdiction throughout the entire litigation. This argument is flatly contradicted by the statutes providing for the removal of state actions to federal court.

The "unanimity requirement" provides that in cases involving multiple

defendants, all of the defendants must consent to the removal of the case to federal court. Dudley v. Provident Sec., Inc., Case No. 8:13-cv-2160-T-33TBM, 2013 WL 5566184, at *2 (M.D. Fla. Oct. 8, 2013) (citing Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044, 1049 (11th Cir. 2001)).  Under the unanimity requirement, "each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b). Dudley, 2013 WL 5566184, at *1.  There are three exceptions to the requirement that all defendants consent to removal: (1) if the non-consenting defendant had not been served with process at the time the notice of removal was filed; (2) if the non-consenting defendant is a nominal or formal defendant; and (3) if removal is pursuant to § 1441(c). Bradwell v. Silk Greenhouse, Inc., 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993).  Section 1441(c) permits the removal of a civil action which includes both "a claim arising under the Constitution, laws, or treaties of the United States . . . and a claim not within the original or supplemental jurisdiction of the district court or a claim that has not been made removable by statute . . . if the action would be removable without the inclusion of the claim" that is not within the original jurisdiction of the federal court.

     Nationstar argues, unconvincingly, that it removed this case pursuant to § 1441(c).  This argument is contradicted by the allegation in Nationstar's pending motion to dismiss that "Plaintiffs' single count complaint seeks an unclear court declaration . . . based on alleged failure to comply with federal statutes, all relating

to a mortgage loan that is subject to a pending foreclosure action." (Doc. 14, p. 1). This assertion indicates that Nationstar removed the case pursuant to § 1441(a) which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  However, any issue concerning the section under which Nationstar removed the case is mooted by the fact that two days after the notice of removal was filed, all of the remaining Defendants consented in writing.  (Doc. 6).  Therefore, I find no merit in Plaintiffs' argument that the case should be remanded because the SunTrust defendants did not consent to removal.

Plaintiffs claim that an action for declaratory judgment seeks an equitable remedy over which only the state court has jurisdiction.  The Court's jurisdiction extends to all claims, legal and equitable, which arise under the Constitution, the laws of the United States, and treaties made under their authority.  U.S. Const. Art. III § 2.

Plaintiffs contend that their amended complaint does not include a federal claim.  The Supreme Court has explained that "a 'federal claim' means one as to which an independent basis for federal jurisdiction exists." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372 n.11, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." Plaintiffs' amended complaint seeks relief based upon alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Thus, the basis of their amended complaint is federal claims. Plaintiffs' alternative argument is that the state court is competent to decide their federal claims. If the federal court has jurisdiction over a controversy, then the competency of the state court is not relevant to the propriety of removal.

## RECOMMENDATION

For these reasons, it is respectfully RECOMMENDED that Plaintiffs' Objection to Removal and Motion to Remand (Doc. 21) be denied.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on February 24, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Pro se Plaintiffs
    Counsel of Record