UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIOGO R. ESTEVES and DANIELA E. ESTEVES,

    Plaintiffs,

v.   Case No. 6:13-cv-1881-Orl-28TBS

SUNTRUST BANKS, INC., SUNTRUST MORTGAGE, INC., and NATIONSTAR MORTGAGE,

    Defendants.
_____/

## ORDER

Pending before the Court are Defendants' Motion for Relief from Court Order as to Case Management Report Due to Plaintiffs' Non-Compliance and Refusal to Confer and Motion for Excuse from Rule 3.01(g) Compliance (Doc. 42), and Plaintiffs' Motion for Clarification of Jurisdiction Asserted (Doc. 43).

## BACKGROUND

On July 2, 2013, Plaintiffs Diogo R. Esteves and Daniela E. Esteves filed suit against Defendants SunTrust Banks, Inc., SunTrust Mortgage, Inc., and Nationstar Mortgage in the Circuit Court in and for the Ninth Judicial Circuit of Florida. (Doc. 1-3). Plaintiff's characterized their complaint as an action for a declaratory judgment having to do with a residential mortgage loan. (Id. at 59). On October 2, 2013, the state court dismissed Plaintiff's lawsuit without prejudice, with 20 days leave to amend. (Doc. 15-1). Plaintiffs did not amend their complaint, and the SunTrust Defendants moved the state court for a dismissal with prejudice. At a November 5,

2013 hearing, the state court granted Plaintiffs 10 additional days to amend their complaint and 60 days to perfect service on Nationstar.  (Doc. 1-5 at 77-79).

On November 15, 2013, Plaintiffs filed their amended complaint.  (Doc. 2).  It is a confusing amalgamation of allegations concerning Plaintiffs' dealings with Defendants, statements of law, news stories about alleged fraud by foreclosing mortgagees, and the Court's authority.  (Doc. 2).  Although Plaintiffs did not attach copies of any loan documents to their amended complaint, it appears that they obtained a mortgage loan from SunTrust Banks or SunTrust Mortgage which is serviced by Nationstar.  (Id., ¶¶ 8, 10).  Plaintiffs sent multiple notices and demands to Defendants including a Qualified Written Real Estate Settlement Procedures Act request, a Fair Debt Collection Practices Act notice, and a Truth in Lending Act notice, in which they disputed a debt.[1]  (Id., ¶ 17).  Plaintiffs demanded copies of all documents that would establish the validity of the debt, plus all records, ledgers, and other things pertaining to their account for the purpose of auditing their account.  (Id.). They complain that Defendants either did not respond or did not adequately respond to their notices and demands.  (Id., ¶ 21).  Plaintiffs seek a declaration that: (1) Defendants owed them a duty to respond to their notices and demands; (2) Defendants must produce a verified account and unbroken chain of title to the purported debt; (3) Defendants breached their duty to respond to Plaintiffs' notices and demands; (4) the SunTrust Defendants failed and refused to comply with state

---

[1]Presumably, this is a reference to the mortgage loan from one of the SunTrust defendants.

and federal law; and (5) that Plaintiffs be awarded costs and all other relief the court deems just and proper.  (Id.).

On December 9, 2013 Nationstar removed the case to this Court.  (Doc. 1). The notice of removal states that Nationstar was served on November 26, 2013 and thus, removal was timely pursuant to 28 U.S.C. § 1446(b)(3).  (Doc. 1).  Nationstar contends that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs seek a declaratory judgment that Nationstar failed to comply with the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.  (Id.).  On December 11, 2013, the SunTrust defendants filed their written consent to removal.  (Doc. 6).

Plaintiffs filed a motion to remand the case to state court on the grounds that: (1) Nationstar's notice of removal was untimely; (2) once the state court acquired jurisdiction, it maintains jurisdiction of the case; (3) there is no proof that the SunTrust Defendants consented to removal as required by 28 U.S.C. § 1446(b)(2)(A); (4) declaratory judgment is an equitable remedy that can only be decided by a state court of equity; and (5) although Plaintiffs deny asserting a federal claim, if they did, then the state court is competent to adjudicate the claim.  (Doc. 21).

The district judge referred the motion for remand to me and on February 24, 2014, I issued my Report and Recommendation that the motion should be denied. (Doc. 35).  The clerk mailed a copy of the Report and Recommendation to Plaintiffs on February 25, 2014.  (Docket).  No objections were filed and on March 14, 2014,

-3-

following an independent de novo review, the district judge adopted and confirmed the Report and Recommendation and made it an Order of the Court. (Doc. 40). A copy of this Order was mailed to the Plaintiffs on March 17, 2014. (Docket).

On February 20, 2014, all parties conducted a case management conference, in which they came to an agreement about dates and deadlines. (See Doc. 38). After receiving the written proposed case management report, Plaintiffs added additional language not agreed to be Defendants, and then signed and returnedthe report to Defendants. (Id.). Plaintiffs then filed the report with the Court. (Doc. 37; stricken). Defendants filed a motion to strike the report, and Plaintiffs filed a response. (Docs. 38, 39). The Court granted Defendants' motion and ordered the parties to confer again and file an amended case management report within 14 days from the issuance of the Order. (Doc. 41).

Now, Defendants are requesting relief from the Court's Order on the ground that Plaintiffs refuse to confer with them. Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a

conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g).  The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates.  Counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).   If the parties do not confer within seven days from the date of this Order, Defendants may file the amended case management, which the Court will construe as unopposed.

Defendants' motion is DENIED.  If Plaintiffs refuse to confer then the proper recourse is a complaint for civil contempt.  In the meantime, Plaintiffs have seven days from the date of this Order to confer in good faith with Defendants on the amended case management report.  If they fail to comply with this Order, then Defendants may file their version of the report and Plaintiffs will be deemed to have consented to it.

On March 28, 2014, Plaintiffs filed their Plaintiffs' Motion for Clarification of Jurisdiction Asserted (Doc. 43), asking the Court to provide "the exact nature of the jurisdiction asserted over the instant matter." (Emphasis in original).  Plaintiffs maintain that it is imperative for the Court to pick from the following list, the "jurisdiction asserted" here:

    At law–Common law

>  Equity (Statutory)
>
>  Equity (inherent and exclusive)
>
>  Administrative
>
>  Military-martial rule/law brought on by emergency pwoers via executive order
>
>  Corporate policy (United States is "person" or "corporation" entitled to proceed under the nonresident attachment provisions of the Maryland Code.  United States v. Coumantaros, 165 F.Supp. 695 (D. Md. 1958)
>
>  Contract (implied consent to jurisdiction by general appearance)

Plaintiffs' Motion for Clarification of Jurisdiction Asserted (Doc. 43) is DENIED. After stating the applicable legal standard, the report and recommendation provides a four page analysis and explanation for why the Court has jurisdiction.  There is no reason to repeat that analysis and explanation here.

**DONE AND ORDERED** in Orlando, Florida, on April 2, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

>  Plaintiffs, pro se
>  All Counsel of Record