UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIOGO R. ESTEVES and DANIELA E. ESTEVES,

    Plaintiffs,

v.                                                    Case No:   6:13-cv-1881-Orl-28TBS

SUNTRUST BANKS, INC., SUNTRUST MORTGAGE, INC. and NATIONSTAR MORTGAGE,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on Defendant Nationstar Mortgage, LLC's Motion to Dismiss Amended Complaint (Doc. 14) and Defendants SunTrust Banks, Inc. and SunTrust Mortgage, Inc.'s Dispositive Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15). For the following reasons, I recommend that the motions to dismiss be granted.

### Background

Plaintiffs are proceeding on their amended complaint for declaratory relief, originally filed in state court on November 15, 2013. (Doc. 2). The amended complaint consists of 21 pages of averments and another 30 pages of exhibits. Some paragraphs are numbered, others are not. In addition to allegations concerning Plaintiffs' dealings with Defendants, the amended complaint includes copies of news stories, internet addresses, statements of law, copies of published decisions, legal citations, quotations from judicial decisions, and a request for judicial notice. (Id.).

Although Plaintiffs have not attached copies of any loan documents to their

amended complaint, it appears that they obtained a mortgage loan from Defendant SunTrust Banks, Inc., or SunTrust Mortgage, Inc. (collectively "SunTrust"), which is serviced by Defendant Nationstar Mortgage ("Nationstar"). Plaintiffs allege that SunTrust Mortgage filed two state court lawsuits to foreclose their property, and on June 3, 2013, Nationstar filed suit to foreclose their property. (Id., ¶¶ 8, 10). According to Plaintiffs, these lawsuits demonstrate that "all Defendants have interests adverse to Plaintiff of a substantial enough basis to warrant a determination of ripeness." (Id., ¶ 10). In addition, Plaintiffs state that "[a]n attempted fraudclosure [sic] by [Nationstar] . . . based upon an unfounded and unproven 'default', in retaliation for demanding the production of a bona fide claim, led to Plaintiffs seeking the aid of an equity court to Compel Defendants . . . to produce a bona fide claim." (Id. at 3). I interpret these allegations to mean the lawsuit pending before this Court was filed in response to the state court foreclosure actions.

Plaintiffs' amended complaint alleges that they sent multiple notices and demands to Defendants, including a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"), a Fair Debt Collection Practices Act ("FDCPA") notice, and a Truth in Lending Act ("TILA") request, in which they disputed a debt. (Id., ¶ 17). Although copies of those notices and demands are not attached to the amended complaint, they appear to be part of Plaintiff's original complaint. (Doc. 1 at 15-26). It also appears, and I have assumed, that Plaintiffs' notices and demands all relate to the SunTrust mortgage loan. Plaintiffs demanded copies of all documents that would establish the validity of the debt and all records, ledgers, and other things pertaining to their account for the purpose of auditing their account. (Id.). They allege that Defendants did not respond or did not adequately respond to their notices and demands.

(Id., ¶ 21).  In their amended complaint, they explain that it "is not an action seeking monetary damages from failure to respond to a QWR.  Rather, it is a simple lawsuit for Declaratory Judgment that Defendants owed a duty of response, under QWR, FDCPA and general principles of pre-suit discovery yet failed to respond.  It cannot be any simpler than that."  (Id., n. 1).

The amended complaint seeks a declaration that: (1) Defendants owed Plaintiffs a duty to respond to their notices and demands; (2) Defendants must produce a verified account and unbroken chain of title to the purported debt; (3) Defendants breached their duty to respond to Plaintiffs' notices and demands; (4) SunTrust failed and refused to comply with state and federal law; and (5) that Plaintiffs be awarded costs and all other relief the court deems just and proper.  (Id.).

Nationstar removed the case to this Court on December 9, 2013.  (Doc. 1).  Two days later, SunTrust consented to removal.  (Doc. 6).  Removal is based upon federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs have alleged that Defendants did not comply with TILA, RESPA, or the FDCPA.  (Doc. 1, ¶ 5)

The Defendants have filed motions to dismiss Plaintiffs' amended complaint. (Docs. 14-15).  Nationstar argues that there is a pending foreclosure action in state court which will resolve all of Plaintiffs' claims; Plaintiffs have failed to state a claim for declaratory relief; and declaratory relief is not available for alleged violations of TILA or the FDCPA.  SunTrust argues that the case against it should be dismissed because the amended complaint is a shotgun pleading; it fails to state a claim because there is no present controversy between the parties; and Plaintiffs' RESPA claim fails, so their claim for declaratory relief must also fail.  Plaintiffs have not filed responses to the motions. The Court may infer from the lack of a response that Plaintiffs do not oppose Defendants'

motions. Fifth Third Bank v. Anchor Investment Corp., of Fla., 2012 WL 1345113, * 1 (M.D. Fla. April 18, 2012).

## Standard for Motion to Dismiss

Rule of Civil Procedure 8(a) provides that to state a cause of action a plaintiff must plead a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, the Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (11th Cir. 2007). The Court must accept all factual allegations in the complaint as true and consider the allegations in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1335 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

"The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." Rushing v. Wells Fargo Bank, N.A., 752 F. Supp. 2d 1254, 1258 (M.D. Fla. 2010) (citing Jackman v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986)). While detailed factual assertions are not required, labels and conclusions, mere naked assertions, or formulaic recitations of the elements of a cause of action are not sufficient. Iqbal, 556 U.S. at 678 (citing Bell Atlantic corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Id. Instead, a complaint must contain sufficient facts which "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (citation omitted). Although district courts must apply a "less stringent standard" to the pleadings submitted by *pro se* plaintiffs, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

## Analysis

The amended complaint is a prolix, confusing, rambling, and incongruent amalgamation of claims and assertions which fails to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Despite its length, it does not clearly state the facts upon which Plaintiffs' claim is based, or why they are entitled to relief. Accordingly, the amended complaint should be dismissed for failing to comply with Fed. R. Civ. P. 8(a)(2). The amended complaint should also be dismissed because the first seven pages, entitled "summary of action" consists of unnumbered paragraphs in violation of Fed. R. Civ. P. 10(b).

Plaintiffs filed this lawsuit after Nationstar instituted its action for foreclosure. "District Courts have 'substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings.'" Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008) (quoting

Wilton v. Seven Falls CO., 515 U.S. 277, 289-90 (1995)). But, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, (1942).

The Eleventh Circuit has identified nine factors a district court should consider in deciding whether to accept or decline jurisdiction under the federal declaratory judgment act when a related state court action is pending:

    1. The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts.

    2. Whether the judgment in the federal declaratory action would settle the controversy.

    3. Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue.

    4. Whether the declaratory remedy is being used merely for the purpose of "procedural fending" –that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

    5. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.

    6. Whether there is an alternative remedy that is better or more effective.

    7. Whether the underlying factual issues are important to an informed resolution of the case.

    8. Whether the state trial court is in a better position to evaluate those factual issues than is the federal court.

9. Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 Fed.Appx. 813, 815 (11th Cir. 2008) (citing Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005).[1]

These factors overwhelmingly weigh in favor of the state court. If Plaintiffs prevail here, that will not resolve the foreclosure action; or for that matter, clarify any identified issues in the state court action. The state court is in as good a position as this Court to decide the issues Plaintiff has raised; the remedy available in state court is as effective as any remedy available in this Court; and what Plaintiffs have done is attempt to litigate on a a state court mortgage foreclosure on a new front. Accordingly, I recommend the Court exercise its discretion to dismiss this case.

Plaintiffs seek declaratory relief pursuant to the Florida Declaratory Judgment Act, Fla. Stat. § 86.011. Florida law provides for a declaration on the existence or non-existence of any immunity, power, privilege, or right; or of any fact upon which the existence of such immunity, power, privilege, or right may depend. Fla. Stat. § 86.021. But, this law is a procedural mechanism which does not confer substantive rights. See Erie R.R. Co. v. Thompkins, 304 U.S. 64, 68 (1938); Nirvana Condo. Ass'n v. QBE Ins. Corp., 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008); Incredible Inv., LLC v. Fernandez-Rundle, No. 13-22678-CIV, 2013 WL 6086031, *2 (S.D. Fla. Nov. 13, 2013); Lima v. Fla. Dept. of Children and Families, No. 8:13-cv-1809-T35TBM, 2013 WL

---

[1] This is an unpublished opinion. "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

6146077, *1 (M.D. Fla. Oct. 15, 2013); <u>Advanced Fluids Solutions, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, No. 6:11-cv-16-Orl-22KRS, 2011 WL 3627413 (M.D. Fla. July 26, 2011).

Instead, the Court should apply the federal Declaratory Judgment Act ("Act"), which provides that in a case of actual controversy within its jurisdiction, a court may "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). If issued, the court's declaration has the force of a final judgment and is reviewable as such. <u>Id</u>. "As a practical matter, [ ], the elements required under the federal or state declaratory judgment acts are not materially different." <u>Nirvana Condo.</u>, 589 F. Supp. 2d at 1343 n.1.

A federal district court has jurisdiction to issue declaratory judgments only for cases which pertain to "an actual controversy between parties with adverse interest with respect to which the declaration is sought." <u>Phila. Am. Life Ins. Co. v. Buckles</u>, No. 6:07-cv-1743, 2008 WL 2756503 *3 (M.D. Fla. July 14, 2008). Proof of an "actual controversy" within the meaning of the Act requires a plaintiff to show: (1) that it personally suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) the injury fairly can be traced to the challenged action; and (3) it is likely to be redressed by a favorable decision. <u>State Farm Mut. Auto. Ins. Co. v. Phys. Injury Care Ctr., Inc.</u>, 427 F. App'x 714, 721 (11th Cir. 2011). Plaintiffs have not alleged any damage resulting from Defendants' actions, and they have not alleged that a favorable disposition in this case will redress any injury. Therefore, Plaintiffs have not alleged facts which, if true, entitle them to a declaration of rights, and the amended complaint should be dismissed for failing to state a claim for which relief can be granted.

Plaintiffs admit the impetus for this lawsuit is the foreclosure actions filed in state court. They seek a declaration that they are owed certain documents, so that they can "enforce Plaintiffs' commercial rights at law and equity in future suits." (Doc. 2 ¶ 70). Specifically, Plaintiffs want Defendants to provide "a verified accounting and production of an unbroken, complete, verified chain of legal title to the purported "debt" instruments, to include title to the documentary intangible personal property (original note and security instrument), authenticated by credible, competent, reliable witnesses with first-hand knowledge, allegedly in possession, custody and control of defendants, and/or all of them." (Id. at 19 ¶(a)). And, they state that they seek "the aid of an equity court to Compel Defendants . . . to produce a bona fide claim." (Id. at 3).

In reality, what Plaintiffs are asking this Court to do is compel discovery that pertains to the state court foreclosure action. They seek information concerning Defendants' standing to sue for foreclosure and other factual information related to the debt or debts Defendants are seeking to enforce in state court. Plaintiffs have not alleged that they cannot obtain the information they seek through discovery in the state court. Because Plaintiffs can obtain full, adequate, and complete relief in the state court, this action should be dismissed. See Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co., No. 10-20448-CIV, 2010 WL 2510662 *1 (S.D. Fla. June 21, 2010).

To the extent Defendants have violated TILA, RESPA and the FDCPA, those acts all provide Plaintiffs an adequate remedy at law. "It is well-settled that 'equitable relief is available only in the absence of an adequate remedy at law.'" SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A., 243 F. App'x 502, 503 (11th Cir. 2007) (citations omitted). What matters is whether this adequate remedy exists, "not whether

- 9 -

the moving party prefers one remedy to another." Id. RESPA, TILA, and the FDCPA each provide for relief in the form of actual or statutory damages. 12 U.S.C. §2605(f); 15 U.S.C. § 1640; and 15 U.S.C. § 1692k. Thus, declaratory relief is not appropriate and Plaintiffs' amended complaint should be dismissed. See SME Racks, 243 F. App'x at 503; Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co., 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011); State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., No. 6:11-cv-1373-Orl-31GJK, 2012 WL 1565387 *4 (M.D. Fla. May 2, 2012).

In Christ v. Beneficial Corp., 547 F.3d 1292, 1298 (11th Cir. 2008), the Eleventh Circuit rejected a claim for a declaration of liability under TILA. The court explained that because TILA's comprehensive scheme of remedies does not list equitable judgment, a plaintiff may not bring a private action under the Act alleging a violation of TILA. Id. at 1298. "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." Transamerica Mortg. Advisor, Inc. v. Lewis, 444 U.S. 11, 19 (1979).

Similarly, in Weiss v. Regal Collections, 385 F.3d 337, 341 (3d Cir. 2004), the Third Circuit noted that the FDCPA does not contain an express provision authorizing a private action for declaratory relief and that most courts have found that the FDCPA does not permit private actions for equitable relief. Id. at 341. The court went on to hold that "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA." Id. at 342.

Because RESPA, like TILA and the FDCPA, does not expressly provide for a private right of action for declaratory relief, I recommend the Court apply the reasoning of Christ v. Beneficial Corp. and Weiss v. Regal Collections to Plaintiffs' RESPA claim, and

- 10 -

dismiss Plaintiffs' complaint, to the extent it based upon RESPA, TILA and FDCPA, on this ground.

Further, to state a claim under RESPA, Plaintiffs would have to allege: (1) that Defendants are loan servicers; (2) Plaintiffs sent Defendants valid QWRs (3) Defendants failed to respond adequately within the statutory period; and (4) that Plaintiffs are entitled to actual or statutory damages. See Farson v. Carrington Mortg. Servs., LLC, NO. 8:13-cv-2289-T-33TGW, 2013 WL 5705565 *5 (M.D. Fla. Oct. 18, 2013). Plaintiff allege that SunTrust is the lender and Nationstar is the servicer. Therefore, the amended complaint against SunTrust, based upon RESPA, should be dismissed.

Nationstar services the loan, but Plaintiffs have not alleged that they sent Nationstar a valid QWR. RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan, among them, an obligation to respond to a QWR. 12 U.S.C. § 2605(e). [A] qualified written request means a written correspondence (other than notice on a payment coupon or other payment medium supplied by the servicer) that includes, or otherwise enables the servicer to identify, the name and account of the borrower, and includes a statement of the reasons that the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower. 12 U.S.C. § 2605(e)(1)(B).

Thus, a valid QWR relates to loan servicing. Under RESPA, loan servicing means "receiving any scheduled payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(j)(3).

One court in this district has found that a loan servicer only has a duty to respond to a request if that request is related to loan servicing. Smith v. Bank of Am. Home Loans, 968 F. Supp. 2d 1159, (M.D. Fla. 2013)(quoting Copeland v. Lehman Bros. Bank, FSB, No. 09-1774-WQH-RBB, 2010 WL 2817173 *3 (S.D. Cal. July 15, 2010). Other courts have found that RESPA does not require a loan servicer to provide information concerning loan validity. See id. (collecting cases). Plaintiffs have not alleged any problem or error with the loan servicing, or that Plaintiffs were damaged as a result of Nationstar's failure to properly respond to the QWR.

Plaintiffs have not attached their requests for information to their Complaint, but they allege that their requests were for Defendants to provide "a verified accounting and production of an unbroken, complete, verified chain of legal title to the purported "debt" instruments, to include title to the documentary intangible personal property (original note and security instrument), authenticated by credible, competent, reliable witnesses with first-hand knowledge, allegedly in possession, custody and control of defendants, and/or all of them." These requests seek documents which will prove the validity of the loan, and are not related to loan servicing. Accordingly, Plaintiffs have not alleged they sent Defendant a proper QWR, and their claims under RESPA should be dismissed. See id.; Liggion v. Branch Banking and Trust, No. 1:11-cv-1133-WSD, 2011 WL 3759832 *3 (N.D. Ga. Aug. 24, 2011).

Defendants ask that Plaintiffs' amended complaint be dismissed with prejudice. Courts in this Circuit have been hesitant to dismiss claims with prejudice unless amendment would be futile. See Dysart v. BankTrust, 516 F. App'x 861, 865 (11th Cir. 2013) (dismissal with prejudice only appropriate when amendment would be futile); Anthony v. Brown, No. CV 113-058, 2014 WL 1340228 * 4 (S.D. Ga. Apr. 3, 2014)

("[C]ourts have voiced a dislike for the harshness of dismissing a pro se case with prejudice prior to an adjudication on the merits."). I recommend that this lawsuit be dismissed with prejudice because further attempts at amendment would be futile. Plaintiffs have already had two opportunities to plead their claim. To the extent this lawsuit is a vehicle to obtain discovery which is available in the state court foreclosure this action is improper. And, because there is not a private right of action for declaratory relief based upon TILA and the FDCPA (or, I submit, under RESPA), any attempt by Plaintiffs to further amend would be futile.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend the Court:

1. **GRANT** Defendant Nationstar Mortgage, LLC's Motion to Dismiss Amended Complaint (Doc. 14);

2. **GRANT** Defendants SunTrust Banks, Inc. and SunTrust Mortgage, Inc.'s Dispositive Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15);

3. **DISMISS** Plaintiffs' amended complaint with prejudice; and

4. DIRECT the Clerk to CLOSE the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

- 14 -

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties